AO 106 (Rev. 04/10) Application for a Search Warrant    AUTHORIZED AND APPROVED/DATE: s/David McCrary 9/16/25

# UNITED STATES DISTRICT COURT
## for the
### Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
A BLACK MOTOROLA CELLULAR PHONE, IMEI#1 353533393562999 and IME#2 353533393563005, CURRENTLY LOCATED AT FBI OKLAHOMA CITY, 301 W. MEMORIAL ROAD, OKLAHOMA CITY, OKLAHOMA )

Case No. M-25- 547 -STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. § 846 | Drug Conspiracy |
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute and to Distribute Controlled Substances |

The application is based on these facts:
See attached Affidavit of FBI Special Agent Michael Adams

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days:(_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Michael Adams, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **Sep 16, 2025**

*Judge's signature*

City and state: Oklahoma City, Oklahoma

Shon T. Erwin, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **In the Matter of the Search of a black Motorola Cellular Phone, IMEI#1 353533393562999 and IME#2 353533393563005 located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, OK 73134** | Case No. M-25-     -STE |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Michael Adams, having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, an electronic device identified below and in **Attachment A,** which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B,** which constitutes evidence of violations of 21 U.S.C. § 841(a)(1) and § 846.

2. I am a federal law enforcement officer as defined under Federal Rule of Criminal Procedure 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am within the category of officers authorized by the

Attorney General to request such a warrant.

3. I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the U.S. who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I have been a Special Agent with the FBI since March 2015. I am currently assigned to the Oklahoma City Division, where I am assigned to the Safe Streets Task Force, which is responsible for investigating violent gang and drug trafficking organizations. Since becoming a Special Agent, I have been involved in a variety of investigative matters, including investigations targeting large criminal enterprises, most of which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of my drug-related investigations, I have participated in the execution of numerous search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. In particular, I have extensive experience in searching electronic devices involved in narcotics investigations. In light of my training and experience, I know the following:

a. I am aware that drug couriers, and people associated with drug trafficking organizations (DTOs), often use electronic devices, including computers, tablets, cellular phones, and other electronic storage devices, to communicate and execute electronic transactions which can, in turn, create automatic records and documentation of the transactions;

b. I am aware that that it is particularly common for individuals engaged in the sale and distribution of illegal drugs to use electronic devices to communicate with one another regarding illegal drug transactions and to track and document financial transactions associated with their illicit drug sales;

c. I am aware that individuals engaged in drug trafficking will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices and that they often keep such electronic devices on or near their person.

d. I am aware that drug traffickers use their cellular phones and other electronic devices to execute financial transactions through banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

4.  I am submitting this Affidavit in support of a search warrant authorizing a search of a black Motorola Cellular Phone, IMEI#1 353533393562999 and IME#2 353533393563005 **(Subject Device)**—originally possessed by **Shayla Gold**—which is located at the FBI Oklahoma City Field Office, 3301 W. Memorial Road, Oklahoma City, OK 73134, as further described in **Attachment A,** which is incorporated into this Affidavit by reference. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **Subject Device** for the purpose of identifying electronically stored data that is particularly described in **Attachment B,** which constitutes evidence of violations of 21 U.S.C. § 841(a)(1) and § 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B.**

5.  Based on my training and experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) and § 846 have been committed by **Shayla Gold** and others. There is also probable cause to search the property described in **Attachment A** for evidence of these crimes, as described in **Attachment B.**

6.  Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search

warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## FACTS SUPPORTING PROBABLE CAUSE

7.  On September 12, 2025, Oklahoma Highway Patrol (OHP) Trooper Mike Shanholtzer was working the I-35 Northbound corridor in Garvin County, Oklahoma. He observed a white Nissan sedan displaying the Chickasaw Nation tag CN38769 (white Nissan) (1) drifting within its lane and (2) operating with a defective driver-side tail lamp, and initiated a traffic stop near mile marker 57, within the Western District of Oklahoma.

8.  During the traffic stop the driver of the white Nissan was identified as Trae Graham (Graham) and the passenger was identified as **Shayla Gold (Gold)**. While Trooper Shanholtzer completed license/registration checks, a second officer, OHP Trooper Francisco Valdez (Trooper Valdez), arrived on scene. Trooper Valdez, a K9 handler, deployed his K9 (Lefty) who performed a free air sniff around the vehicle. Lefty made a positive indication for the presence of illegal drugs near the rear trunk are of the white Nissan.

9.  A probable cause search was then conducted of the white Nissan. Inside the trunk, a purple bag was found which contained twenty individually

wrapped packages. One of these packages was subsequently opened by law enforcement. Inside the package, a crystal-like substance was found which field tested positive for the presence of methamphetamine. That package alone weighed well in excess of 500 grams. Although law enforcement has not individually inspected the remaining packages, those packages contained similar wrapping, and based on my training and experience, I know that drug traffickers frequently bundle similar drugs in the same fashion. The combined total package weight of the twenty (20) bundles was approximately 12,258.3 grams.

10. During the traffic stop, **Gold** also made a statement to the trooper saying there was ten "keys" in the vehicle.

11. In addition to the suspected methamphetamine, the OHP Trooper's also seized a cellphone belonging to Graham and the **Subject Device**—belonging to **Gold**.

12. Based on my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cellular phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal drugs. Such cellular phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug-trafficking offenses including, but not limited to, the phone directory and/or contacts list,

calendar, text messages, e-mail messages, call logs, photographs, and videos.

13. This is particularly true given **Gold** and Graham were in possession of a significant amount of methamphetamine on a major interstate, indicating they are drug couriers involved in a major drug trafficking organization. Based on my training and experience, I know that individuals in this position will likely be in communication with other co-conspirators such as suppliers, buyers, or their own partners and employers in order to coordinate drug shipments.

14. I also know, based on my training and experience, that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cellular phones. I also know from my training and experience that evidence of financial transactions conducted in furtherance of drug trafficking will often be found on a suspect's cellular phone.

15. Based on my training and experience, I know that electronic devices, such as the **Subject Device,** can store information for long periods of time, even years. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered months or years later using readily available forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer

or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

## AUTHORIZATION REQUEST

16.  Based on the above information, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **Subject Device**. Therefore, I respectfully request that this Court issue a search warrant for the **Subject Device**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

17.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Device** consistent with the warrant. The examination may require law enforcement to employ techniques including, but not limited to, computer-assisted scans of the entire medium, which might expose many parts of the **Subject Device** to human inspection in order to determine whether it is evidence described by the warrant.

18.  Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is

reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

_____
Michael Adams
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 16th day of September, 2025.

_____
SHON T. ERWIN
United States Magistrate Judge

# ATTACHMENT A

The property to be searched is a black Motorola Cellular Phone, IMEI#1 353533393562999 and IME#2 353533393563005 **(Subject Device)**. The **Subject Device** is located at the FBI Oklahoma City Field Office, 3301 W. Memorial Road, Oklahoma City, OK 73134. This warrant authorizes the forensic examination of the **Subject Device** for the purpose of identifying the electronically stored information described in **Attachment B**.

*Front of **Subject Device***



*Back of **Subject Device***



## ATTACHMENT B

1. All records on the **Subject Device,** described in **Attachment A,** that relate to violations of 21 U.S.C. § 841(a)(1) and § 846, specifically, electronically stored data, as well as deleted and temporary deleted data, including, but not limited to:

    a. Device information and identifiers, including passwords and user and account identifiers and information;

    b. Any and all images, videos, audio recordings, and any other digital media content of co-conspirators, assets, illegal drugs and drug trafficking paraphernalia, or firearms and ammunition;

    c. call logs, address books or contacts, notes, emails, calendar entries, applications, chat messages, instant messages, multimedia (MMS) messages, text (SMS) messages, multimedia files, GPS data, internet access, web history and bookmarks, IP addresses and accounts, text messages, voicemail messages;

    d. lists of customers and related identifying information;

    e. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    f. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    g. all bank records, checks, credit card bills, account information, and other financial records.

    h. records documenting the use of the Internet Protocol addresses to communicated with e-mail servers, internet sites, and social media, including:

      i.    records of Internet Protocol addresses used;

      ii.   records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2. Evidence of user attribution showing who used or owned the **Subject Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media seized, electronically stored information, communications, other records and information seized, copied, or disclosed pursuant to this warrant in order to locate any evidence, fruits, and instrumentalities of violations of the above-listed federal criminal statutes. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to

this warrant, FBI Special Agent Adams may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.